# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOHN W. FINK,** | Civ. No. 19-9374-KM-MAH |
| **Plaintiff,** | |
| v. | **OPINION** |
| **UNITED STATES OF AMERICA, J. PHILIP KIRCHNER and FLASTER/GREENBERG P.C.,** | |
| **Defendants.** | |

The clerk referred this case to me for review pursuant to D.N.J. Loc. Civ. R. 41(g).[1] That Local Rule essentially requires that, where a sitting judge has been sued, a second judge in a separate vicinage shall review the allegations. If judicial immunity is a complete defense or the allegations are found to be patently frivolous, then the action shall be dismissed against the original judge.

---

[1] I include subsection (h) of the rule for context:

(g) A civil action filed against a Judge shall be assigned to a Judge in a vicinage other than the vicinage where the defendant Judge maintains his or her permanent duty station and if the assignee Judge determines that the suit is patently frivolous, or if judicial immunity is plainly applicable, the assignee Judge need not recuse, but in all other cases, the assignee Judge is disqualified and shall refer the matter to the Chief Judge for assignment outside the District of New Jersey.

(h) If assignment to a Judge pursuant to (g) above is a reassignment of a civil action that results from the originally assigned Judge being named as a defendant Judge in that civil action, the newly assigned Judge shall promptly determine whether the suit against the Judge is patently frivolous or judicial immunity applies. If the assigned Judge determines that judicial immunity is a complete defense or the suit against the Judge is patently frivolous that warrants the dismissal of the defendant Judge, the assigned Judge shall promptly notify the Chief Judge upon the issuance of an order dismissing the defendant Judge. The Chief Judge shall thereafter, if appropriate, reassign the civil action to the originally assigned Judge.

D.N.J. Loc. Civ. R. 41(g) & (h) (as amended March 25, 2019).

In such a case, there is no need for recusal or for referral of the case to a separate district.

**Background**

The plaintiff, John W. Fink, *pro se*, filed a legal malpractice case against his prior attorneys, defendants J. Philip Kirchner and Flaster/Greenberg P.C. That case was heard by the Hon. Noel L. Hillman, a district judge of this court. *Fink v. Kirchner*, Civ. No. 12-4125-NLH-KMW (the "Malpractice Action"). Judge Hillman granted summary judgment for the defendants. (12cv4125 DE ). Mr. Fink appealed; the U.S. Court of Appeals for the Third Circuit affirmed, *see* 731 Fed. App'x 157 (3d Cir. 2018); and the U.S. Supreme Court denied certiorari.

Mr. Fink has now filed the above-captioned action. The caption of the Complaint names as defendants J. Philip Kirchner and Flaster/Greenberg P.C., who are also named as the defendants in the initial paragraph of the Complaint. Those defendants have filed a motion to dismiss. (DE 3)

The body of the Complaint, however, appears to be directed at Judge Hillman, as well as the three judges of the United States Court of Appeals for the Third Circuit who were assigned to Mr. Fink's unsuccessful appeal.

(a) Count I, entitled "Judge Hillman committed a fraud upon the Court," alleges that Judge Hillman committed fraud when he rendered various judicial decisions unfavorable to plaintiff in the Malpractice Action.

(b) Count II, entitled "CA Judges committed a fraud upon the Court," alleges that three Judges of the U.S. Court of Appeals for the Third Circuit, Hon. Patty Shwartz, Hon. Cheryl Ann Krause, and Hon. D. Michael Fisher, committed fraud when they affirmed Judge Hillman's grant of summary judgment for defendants.

The Complaint demands the following relief:

a) Reversal of the summary judgment decisions granted to the defendants;

b) Remand of the [the Malpractice Action] to the District Court for trial;

    c) Grant Fink permission to use the entire investigator's report, but if not that, then at least the Kirchner May 20th Letter; and

    d) Any other relief this court deems equitable and just under the circumstances;

The Clerk considered this pleading, although confusing, to be tantamount to an action against District Judge Hillman, and therefore randomly referred it to me pursuant to Loc. Civ. R. 41(g). I remained unclear as to what was intended, however.

On April 26, 2019, I therefore filed an Order (DE 6) that by May 15, 2019, the plaintiff, John W. Fink, shall "SHOW CAUSE IN WRITING

1. Stating and clarifying whom he intends to name as defendants in the complaint;
2. Stating why this action should not be dismissed by filing a brief in opposition to the motion to dismiss filed by defendants Kirchner and Flaster/Greenberg P.C.;
3. Stating why the claims against Judge Hillman and the Third Circuit judges (assuming that is what is intended) are not barred by judicial or sovereign immunity, or otherwise dismissable for failure to state a claim that is not patently frivolous. *See* D.N.J. Loc. Civ. R. 41(g)."

Mr. Fink responded by filing an "Amended Complaint." ("AC", DE 7) As regards the four judicial officers, it is similar to the original complaint, except that it adds the United States of America as a defendant. By way of explanation, the introduction to the Amended Complaint states that "[t]his is an action filed against the United States for the judicial fraud on the court committed by its employees [listing Judges Hillman, Shwartz, Krause, and Smith]." (AC ¶ 1) In the two substantive counts, the initial reference to each of the judges is now followed by "an employee of the United States" or "employees of the United States." (*See* AC Count I ¶ 2, Count II ¶ 16.)

The Amended Complaint adds claims for compensatory and punitive damages. The demands for reversal of summary judgment, admission of certain

exhibits, and trial of the matter are now phrased solely as alternative relief in the event damages are not awarded. (AC p. 63 (prayer for relief)).

Mr. Fink has also filed a letter and a brief. (DE 8) These are intended to address the requirement of the OSC that Mr. Fink state "why the claims against Judge Hillman and the Third Circuit judges (assuming that is what is intended) are not barred by judicial or sovereign immunity, or otherwise dismissable for failure to state a claim that is not patently frivolous."

In the letter, Mr. Fink explains that he did not intend to sue the judges directly, but is "holding the U.S. responsible for ... the fraud on the court they [*i.e.*, the judges] committed which denied me of my Constitutional right to trial by jury under Article VII." (DE 8 at 2)

The accompanying brief ("Fink OSC Brf.", DE 8-1) for the most part rehashes the history and allegations of the Malpractice Case and Mr. Fink's arguments on appeal. It describes the manner in which Mr. Fink believes that the District Court and the Court of Appeals erred. The substantive argument headings are as follows:

"LEGAL ARGUMENT

A. Grounds For My Claims Which Judge Hillman Ignored

B. FIG Defendants Failed Their Initial Rule 56 Burden

C. Judge Hillman Independently Introduces New Grounds and Allegedly Undisputed Facts Without Prior Notification

D. Judge Hillman Did Not View Evidence In My Favor And Weighed Evidence

E. Judge Hillman's Opinion Contains Misleading/Incorrect Statements

F. The CA Judges Did Not Conduct A Plenary Review"

(Fink OSC Brf., Table of Contents and *passim*.) Mr. Fink attributes these adverse and allegedly erroneous rulings to "favoritism" and "fraud."

## Discussion

### A. Amended Complaint

Mr. Fink has submitted an Amended Complaint without a formal motion to amend under Fed. R. Civ. P. 15. Particularly in light of his *pro se* status, I will set that formality aside. He submitted the Amended Complaint in response to a motion to dismiss by the Flaster defendants. *See generally* Fed. R. Civ. P. 15(a)(1)(B) (amendment within 21 days in response to motion to dismiss) More importantly, he did so in response to my Order to Show Cause, which invited clarification of the parties he intended to sue.

The Amended Complaint (DE 7) is therefore accepted for filing.

### B. Claims against United States relating to judicial defendants

Although the claims are nominally asserted against the United States, the plaintiff is attempting to hold the United States responsible for allegedly wrongful judicial decisions made by its employees, the four judges named in the body of the Amended Complaint. The theory seems to be some version of *respondeat superior,* and it is entirely dependent on a finding that the judges themselves performed some wrongful act. Out of caution, then, I will apply the analysis of Rule 41(g), which would apply if, *e.g.,* Judge Hillman were sued directly. I must determine whether "the suit is patently frivolous, or if judicial immunity is plainly applicable"; if so, I need not recuse or refer the matter for assignment outside the district.[2] Loc. Civ. R. 41(g). I do find that the claims against the judges are patently frivolous, and decline to recuse.

#### 1. "Fraud on the court"

The stated cause of action is "fraud on the court." I am unaware of any recognized cause of action based on a court's having committed fraud on itself. Ordinarily, "fraud on the court" is invoked as a basis to vacate a judgment because a party's counsel has intentionally deceived the court. *See In re Bressman*, 874 F.3d 142, 150 (3d Cir. 2017). It requires "1) an intentional

---

2  Or, I suppose, outside the Third Circuit, if the claims against the Court of Appeals judges are found to be non-frivolous.

fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court." *Herring v. United States*, 424 F.3d 384, 386 (3d Cir. 2005).

The claims here are different. Mr. Fink has simply repackaged his substantive arguments in the trial court and on appeal as claims of "fraud." In substance, however, these are ordinary claims of judicial error. These errors, according to Mr. Fink, are so egregious that they can only be attributable to "favoritism." The avenue for correction of such errors, if that is what they are, is through the appeals process. Suing the judges or their federal employer is not a means by which a disappointed appellant can obtain a second, third, or fourth level of review.[3]

There is no substantial federal claim asserted here. *See Shapiro v. McManus*, 136 S. Ct. 450 (2015). The case, insofar as it challenges the actions of the judges, is properly dismissed at the threshold as patently frivolous.

## 2. Sovereign immunity and suits against United States

The action against the United States based on the actions of the judges is also properly dismissed for lack of jurisdiction because the United States has not waived its sovereign immunity.

The United States, in general, enjoys sovereign immunity except to the extent it expressly consents to be sued. *See United States v. Dalm*, 494 U.S. 596, 608, 110 S. Ct. 1361 (1990) (terms of the sovereign's consent to be sued "define that court's jurisdiction to entertain the suit"); *United States v. Sherwood*, 312 U.S. 584, 586, 61 S. Ct. 767, 769 (1941)). One such waiver of sovereign immunity is contained in the Federal Tort Claims Act ("FTCA"):

> (b)(1) Subject to the provisions of chapter 171 of this title, the district courts, together with the United States District Court for

---

[3] I focus here on the claims for damages, but the alternative injunctive relief poses some interesting conundrums of its own. The plaintiff is requesting that I, a district judge within the Third Circuit, order the judges of that Court of Appeals to reverse and remand a case (after they had already declined to do so on direct appeal). I do not sit in review of the Third Circuit; they sit in review of me. Only the Court of Appeals *en banc* or the U.S. Supreme Court can compel them to reverse a panel ruling.

the District of the Canal Zone and the District Court of the Virgin
Islands, shall have exclusive jurisdiction of civil actions on claims
against the United States, for money damages, accruing on and
after January 1, 1945, for injury or loss of property, or personal
injury or death caused by the negligent or wrongful act or omission
of any employee of the Government while acting within the scope of
his office or employment, under circumstances where the United
States, if a private person, would be liable to the claimant in
accordance with the law of the place where the act or omission
occurred.

28 U.S.C. § 1346(b)(1). No FTCA claim is available here, however, for at least two reasons.

Exhaustion. This court has no jurisdiction to entertain an FTCA claim unless administrative remedies were exhausted in advance of the filing of the complaint:

[A]s a prerequisite to utilizing the waiver, a plaintiff must "have
first presented [its] claim to the appropriate Federal agency," which
claim must have been denied. 28 U.S.C. § 2675(a). This exhaustion
requirement "is jurisdictional and cannot be waived." *Celestine v.
Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d
Cir.2005).

*Tsitrin v. Jacobs*, No. 12 CIV. 1411, 2012 WL 3689500, at *2 (S.D.N.Y. Aug. 23, 2012) (applying FTCA exhaustion requirement to suit against United States based on decisions of judges) (citing *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222–23 (5th Cir.1989) (affirming dismissal of claims against judicial officers for failure to exhaust administrative remedies); *Neuman v. United States*, No. 07-CV-0362-MJR, 2008 U.S. Dist. LEXIS 59437, at *14–15, 2008 WL 2959875 (S.D. Ill. July 31, 2008) (similar)). *Accord Ou-Young v. Roberts*, 2013 WL 6732118, at *7 (N.D. Cal. Dec. 20, 2013) (citing *Tsitrin* and dismissing claims against district court judges on immunity grounds and for failure to exhaust remedies with Administrative Office of U.S. Courts).

> "Exhaustion of all administrative remedies under the FTCA 'is jurisdictional and cannot be waived.' *Bialowas v. U.S.*, 443 F.2d 1047, 1049 (3d Cir. 1971)." *Dunn v. Samuels*, No. CV 16-3558(RMB), 2016 WL 3621122, at *3 (D.N.J. July 6, 2016); *accord Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015). "Strict compliance with Section 2675(a) is required to establish subject matter jurisdiction over an FTCA suit. *See e.g., Livera v. First Nat'l State Bank of N.J.*, 879 F.2d 1186, 1194 (3d Cir. 1989)." *Hermann v. United States*, No. 15-6682 (RBK/AMD), 2016 WL 3512112, at *1 (D.N.J. June 27, 2016).

*Lampon-Paz v. Dep't of Justice*, No. CV169071KMJBC, 2019 WL 2098831, at *5 (D.N.J. May 14, 2019) (McNulty, J.)

The plaintiff has not exhausted whatever administrative remedies might be available, presumably in the Administrative Office of the Courts. This court therefore lacks jurisdiction over his claims against the United States.

<u>Judicial immunity</u>. The notion that naming the United States, rather than the judges, as defendant circumvents the bar of judicial immunity is a mistaken one:

> Even had plaintiff pursued his claims through the Administrative Office of the United States Courts before bringing suit, they would still be subject to dismissal. The United States is "entitled to assert any defense based upon judicial ... immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim," 28 U.S.C. § 2674, and judges are entitled to absolute immunity from suit when acting in their judicial capacity, *see Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L.Ed.2d 9 (1991). This immunity applies regardless of "[how] erroneous the act may have been, and [how] injurious in its consequences it may have proved to the plaintiff," *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir.1994) (internal quotation marks omitted), and it "is not overcome by allegations of bad faith or malice," *Mireles*, 502 U.S. at 11; *see also Fields v. Soloff*, 920 F.2d 1114, 1119 (2d Cir.1990) ("[A] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority ...." (internal quotation marks omitted)). In short, a plaintiff simply is not permitted to bring suit against a judge because he disagrees with a

judicial decision; appeals, not independent tort suits, are the appropriate method by which to seek redress.

*Tsitrin v. Jacobs*, 2012 WL 3689500, at *3. *See also Briscoe v. LaHue*, 460 U.S. 325, 334 (1983); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978); *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009). *Cf. Falade v. United States*, 237 F. App'x 723 (3d Cir. 2007) (finding no *respondeat superior* liability of United States for actions of judges who were themselves immune).

There can be no doubt that the claims here challenge the judges' rulings and are directly based on the judges' performance of their judicial functions. The judges are absolutely immune, and the United States as their employer is entitled to assert that immunity. *See* 28 U.S.C. § 2674.

For this reason, too, the Amended Complaint must be dismissed at the threshold for lack of jurisdiction.

## CONCLUSION

The claims against the United States are "patently frivolous," and "judicial immunity is plainly applicable." Dismissal is plainly appropriate. Pursuant to Loc. Civ. R. 41(g), those claims are dismissed without the need for recusal or referral of the case to another district.

*[signature]*

**KEVIN MCNULTY**
**United States District Judge**