UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN W. FINK,<br><br>    Plaintiff,<br><br>v.<br><br>J. PHILIP KIRCHNER and FLASTER GREENBERG, P.C.,<br><br>    Defendants. | Civ. No. 19-9374-KM-MAH<br><br>OPINION |

Pending before the court is the motion to dismiss the complaint filed by defendants J. Philip Kirchner and Flaster Greenberg, P.C., pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 18). Defendants assert that this litigation was already resolved by a final judgment on the merits and is therefore barred under *res judicata* and the entire controversy doctrine. Defendants also assert that the amended complaint fails to allege fraud. Finally, defendants move for an order barring plaintiff from filing any further complaints against them absent a court order.

The *pro se* plaintiff, John Fink, opposes that motion (DE 23) and alternatively cross-moves to reopen two orders from a prior litigation. (DE 25). He also cross-moves for a stay of the resolution of defendants' motion to dismiss so that this Court can first decide his motion to reopen the prior litigation. (*Id.*).

For the reasons outlined below, defendants' motion to dismiss (DE 18) is **granted with prejudice**. Defendants' motion to bar plaintiff from filing any additional complaints absent court approval is **denied**. Plaintiff's cross-motions (DE 25) are **denied**.

1

## I. Background[1]

The issues presented by Mr. Fink have been pending in a series of related actions since 2012. Therefore, a brief summary of the relevant procedural history is necessary.

### a. Factual Background

The facts of this case are well documented by Judge Hillman and the Third Circuit and have been the subject of several lawsuits. Because I write for the parties, I will summarize the pertinent facts only briefly.

In 2001, Mr. Fink provided a loan of approximately $835,000 to a company called Advanced Logic Systems, Inc. ("ALSI"). (AC ¶¶ 14–15). Mr. Fink contends that ALSI then breached the terms of that loan, forcing him to initiate litigation to recover damages. (Id. ¶¶ 20–21). Defendants here, Kirchner and his firm, Flaster Greenberg, P.C., are the attorneys who were hired by Mr. Fink to settle that litigation. (Id. ¶ 23). When ALSI breached the settlement agreement, defendants represented Mr. Fink in the ensuing litigation. (Id. ¶ 27–37).[2]

Mr. Fink asserts that the defendants, his attorneys, sabotaged that litigation by providing faulty advice, fabricating a document, and mishandling an arbitration. (AC p. 7-14). Mr. Fink also alleges that defendants attempted to extort money from him for outstanding legal bills. (AC p. 15-16). All of this alleged behavior was the basis for Mr. Fink's filing a federal court action against these defendants in 2012.

---

[1] Citations to the record will be abbreviated as follows. Citations to page numbers refer to the page numbers assigned through the Electronic Court Filing system, unless otherwise indicated:

"DE" = Docket entry number.

"AC" = Amended complaint filed by Mr. Fink (DE 7).

[2] A series of cases were filed by Mr. Fink concerning this loan. Each of those cases was resolved in defendant's favor and affirmed on appeal. *See Fink v. EdgeLink*, Civ. A. No. 09-5078 (D.N.J.); *In re Advanced Logic Systems, Inc.*, Civ. A. No. 12-449 (D.N.J.); *Fink v. Bishop*, Civ. A. No. 13-3370 (D.N.J.).

2

### b. The Malpractice Action

On July 6, 2012, Mr. Fink, *pro se,* filed a legal malpractice action against his former attorneys, Kirchner and Flaster Greenberg, P.C. That case was heard by the Hon. Noel L. Hillman, a district judge of this court. *Fink v. Kirchner*, Civ. No. 12-4125-NLH-KMW (the "Malpractice Action").

On April 5, 2016, Judge Hillman issued an opinion and order granting in part and denying in part defendants' motion for summary judgment. (Malpractice Action DE 216). In that opinion and order, Judge Hillman granted summary judgment dismissing plaintiff's legal malpractice claims, but denied summary judgment as to the remaining breach of fiduciary duty and fraud claims. (*Id.*) Because discovery was ongoing, Judge Hillman denied summary judgment with respect to the fiduciary and fraud claims without prejudice, so that they could later be considered in the context of a full factual record. (*Id.*).

At the close of discovery, defendants refiled their motion for summary judgment to dismiss the remaining claims pending against them. (*Id.* DE 223). While this summary judgment motion was pending, on June 6, 2016, Mr. Fink was granted leave to file an amended complaint. (*Id.* DE 249). On June 20, 2016, Mr. Fink filed his second amended complaint, which added spoliation-related claims. (*Id.* DE 261).

On July 15, 2016, defendants then moved to dismiss plaintiff's new claims and simultaneously moved for summary judgment on other outstanding fraud claims. (*Id.* DE 270).

On December 20, 2016, Judge Hillman issued another opinion that resolved several pending motions, including (1) Mr. Fink's motion for reconsideration (DE 225); (2) defendants' second summary judgment motion (DE 223); and (3) defendants' July motion to dismiss and motion for summary judgment (DE 270). (Malpractice Action at DE 301). Judge Hillman reconsidered his dismissal of Mr. Fink's legal malpractice claim, but affirmed his prior dismissal of the claim. (*Id.*). Judge Hillman also dismissed Mr. Fink's

remaining claims as to the fraud, breach of fiduciary duty, and spoliation claims for failure to prove causation. (*Id.*).

On January 19, 2017, Mr. Fink appealed Judge Hillman's December 20, 2016 opinion and order to the U.S. Court of Appeals for the Third Circuit. (*Id.* at DE 311).

Six days later he also filed a motion for reconsideration of that order and opinion in district court. (*Id.* at DE 316). On February 3, 2017, the Third Circuit stayed Mr. Fink's notice of appeal pending Judge Hillman's resolution of the motion for reconsideration. (*Id.* at DE 319). On July 25, 2016, Judge Hillman denied Mr. Fink's motion for reconsideration. (*Id.* at DE 326).

On May 1, 2018, the U.S. Court of Appeals for the Third Circuit affirmed Judge Hillman's final decision. Mr. Fink, the Court of Appeals held, "failed to put forth sufficient evidence to allow a jury to reasonably find the requisite causal link between Defendants' alleged conduct and his alleged harm, [and therefore] the District Court did not err in granting summary judgment against him." 731 Fed. App'x 157 (3d Cir. 2018). On June 13, 2018, Mr. Fink filed a petition for rehearing, which was denied on June 25, 2018. On September 20, 2019, Mr. Fink filed a petition for writ of certiorari with the U.S. Supreme Court. That petition was denied on December 2, 2018, and a subsequent petition for rehearing was denied on February 19, 2019.

As the above sampling of proceedings in the Malpractice Action makes clear, over the course of six years Mr. Fink's case against defendants was exhaustively litigated, going through three levels of review: (1) a New Jersey district court; (2) the Third Circuit; and (3) the U.S. Supreme Court. Nevertheless, that is not the end of the story.

### c. This Action

On April 3, 2019, Mr. Fink filed this action. (DE 1). The caption of this Complaint, like the Malpractice Action complaint, named as defendants J. Philip Kirchner and Flaster Greenberg, P.C. The initial paragraph of the Complaint, however, also named as defendants Judge Noel Hillman and the

4

three judges of the United States Court of Appeals for the Third Circuit who decided Mr. Fink's unsuccessful appeal: Judge Patty Shwartz, Judge Cheryl Ann Krause, and Judge Michael Fisher. The body of the Complaint also appeared to be directed at these four judges:

(a) Count I, entitled "Judge Hillman committed a fraud upon the Court," alleges that Judge Hillman committed fraud when he rendered various judicial decisions unfavorable to plaintiff in the Malpractice Action.

(b) Count II, entitled "CA [Court of Appeals] Judges committed a fraud upon the Court," alleges that the three Judges of the U.S. Court of Appeals for the Third Circuit committed fraud when they affirmed Judge Hillman's grant of summary judgment for defendants.

*See* (DE 1). On April 17, 2019, defendants moved to dismiss this Complaint. (DE 3).

The clerk referred this case to me for review pursuant to D.N.J. Loc. Civ. R. 41(g).[3] That Local Rule essentially requires that, where a sitting judge has been sued, a second judge in a separate vicinage shall review the allegations. If

---

3     I include subsection (h) of the rule for context:

(g) A civil action filed against a Judge shall be assigned to a Judge in a vicinage other than the vicinage where the defendant Judge maintains his or her permanent duty station and if the assignee Judge determines that the suit is patently frivolous, or if judicial immunity is plainly applicable, the assignee Judge need not recuse, but in all other cases, the assignee Judge is disqualified and shall refer the matter to the Chief Judge for assignment outside the District of New Jersey.

(h) If assignment to a Judge pursuant to (g) above is a reassignment of a civil action that results from the originally assigned Judge being named as a defendant Judge in that civil action, the newly assigned Judge shall promptly determine whether the suit against the Judge is patently frivolous or judicial immunity applies. If the assigned Judge determines that judicial immunity is a complete defense or the suit against the Judge is patently frivolous that warrants the dismissal of the defendant Judge, the assigned Judge shall promptly notify the Chief Judge upon the issuance of an order dismissing the defendant Judge. The Chief Judge shall thereafter, if appropriate, reassign the civil action to the originally assigned Judge.

D.N.J. Loc. Civ. R. 41(g) & (h) (as amended March 25, 2019).

judicial immunity is a complete defense or the allegations are found to be patently frivolous, then the action shall be dismissed against the original judge. The Clerk considered this pleading, although confusing, to be tantamount to an action against District Judge Hillman, and therefore randomly referred it to me pursuant to Loc. Civ. R. 41(g). I remained unclear as to what was intended, however.

On April 26, 2019, I therefore filed an Order (DE 6) that by May 15, 2019, the plaintiff, John W. Fink, shall "SHOW CAUSE IN WRITING

1. Stating and clarifying whom he intends to name as defendants in the complaint;
2. Stating why this action should not be dismissed by filing a brief in opposition to the motion to dismiss filed by defendants Kirchner and Flaster Greenberg, P.C.;
3. Stating why the claims against Judge Hillman and the Third Circuit judges (assuming that is what is intended) are not barred by judicial or sovereign immunity, or otherwise dismissible for failure to state a claim that is not patently frivolous. *See* D.N.J. Loc. Civ. R. 41(g)."

Mr. Fink responded by filing an Amended Complaint (AC, DE 7). As regards the four judicial officers, it was similar to the original complaint, except that it added the United States of America as a defendant. By way of explanation, the introduction to the Amended Complaint states that "[t]his is an action filed against the United States for the judicial fraud on the court committed by its employees [listing Judges Hillman, Shwartz, Krause, and Smith]." (AC ¶ 1). In the two substantive counts, the initial reference to each of the judges was amended to add that each is "an employee of the United States" or that they collectively are "employees of the United States." (*See* AC Count I ¶ 2, Count II ¶ 16). Mr. Fink also added a third count asserting "fraud on the court" against Kirchner and Flaster Greenberg, P.C. (AC Count III).

The Amended Complaint adds claims for compensatory and punitive damages. The demands for reversal of summary judgment, admission of certain exhibits, and trial of the matter are now phrased solely as alternative relief in the event damages are not awarded. (AC p. 63 (prayer for relief)).

6

On June 3, 2019, I filed an Opinion (DE 14) and Order (DE 15), ruling as follows. First, I accepted Mr. Fink's amended complaint for filing, despite Mr. Fink's not filing a formal motion to amend under Fed. R. Civ. P. 15. Second, I dismissed Mr. Fink's Claims against the United States and the judicial defendants, pursuant to Loc. Civ. R. 41(g), as well as Fed. R. Civ. P. 12(b)(1) and 12(b)(6). I found the attempt to obtain further review of judicial decisions by accusing the judges of "fraud on the court" to be "patently frivolous." I ruled that sovereign immunity barred the claims asserted against the United States, and that judicial immunity barred the claims against the four judicial officers. I also declined to recuse the court, or to refer the case to another district.

### d. Pending Motions

The remaining defendants, then (referred to as "defendants" from now on) are Kirchner and the Flaster Greenberg firm. On June 7, 2019, those defendants moved to dismiss Mr. Fink's Amended Complaint pursuant to Rule 12(b)(6) and moved for an order prohibiting plaintiff from filing any additional complaints against them without prior judicial approval. (DE 18). Defendants primarily move to dismiss because plaintiff's complaint rehashes the same facts and issues that were previously litigated in the Malpractice Action pending before Judge Hillman and before the Third Circuit Court of Appeals. (DE 18-1 at 3). Defendants also move to dismiss for failure to state a claim for fraud. Mr. Fink opposes that motion. (DE 23).

On July 10, 2019, Mr. Fink filed two cross-motions that were docketed together. (DE 25). The first cross-motion was to void two court orders from the Malpractice Action and reopen that action. (DE 25-1). The second cross-motion (DE 25-4) was to stay the motion to dismiss so that the Court could first hear Mr. Fink's cross-motion to void the two Malpractice Action orders. Defendants oppose Mr. Fink's cross-motions. (DE 31).

## II. Defendants' Motion

### a. Motion to Dismiss Standard

The standards governing a motion to dismiss a complaint under Fed. R. Civ. P. 12(b)(6) are familiar. Very briefly, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).[4]

On a Rule 12(b)(6) motion, a complaint may be dismissed on *res judicata* grounds, where the necessary facts are "apparent on the face of the complaint." *Rycoline Products, Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997); *Smith v. Hillside Village*, No. CV 17-0883 (KM), 2018 WL 588923, at *3 (D.N.J. Jan. 26, 2018). *Res judicata* of course requires the court to consider the contents of a prior judicial decision. On a motion to dismiss, the court may consider a prior judicial decision, particularly its own, not for the truth of facts therein, but for its existence and legal effect. *Smith, supra* (citing *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426-27 (3d Cir. 1999)). *See generally* Fed. R. Evid. 201.

### b. Analysis

Defendants invoke *res judicata* as a bar to the Amended Complaint. (I

---

[4] Where the plaintiff, like Mr. Fink here, is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). "While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

8

here use *res judicata* to refer to claim preclusion and issue preclusion collectively.) Claim or issue preclusion as between two federal actions is governed by federal standards. Claim preclusion has three essential elements: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action." *United States v. Athlone Indus.*, Inc., 746 F.2d 977, 983 (3d Cir. 1984). Issue preclusion bars relitigation of a legal or factual issue when "(1) the issue ... is the same as that involved in the prior action; (2) the issue was actually litigated; (3) it was determined by a final and valid judgment; and (4) the determination was essential to the prior judgment. *Peloro v. United States*, 488 F.3d 163, 174–75 (3d Cir. 2007) (citations omitted)." *SEC v. Lazare Indus., Inc.*, 294 F. App'x 711, 714 (3d Cir. 2008).[5] The *res judicata* doctrines preclude all claims arising out of the same facts that were or could have been asserted in the prior action. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980) ("Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.").

This is not a close case. All three requirements for application of claim preclusion are met:

**(1)** a final judgment on the merits was entered in the Malpractice Action;

**(2)** the suit involved the same parties — i.e., Mr. Fink and defendants Kirchner and Flaster Greenberg, P.C.; and

**(3)** this subsequent suit is based on the same causes of action as those in the Malpractice Action.

---

[5] Defendants additionally invoke the New Jersey entire controversy doctrine, a rule that may sweep more broadly than traditional *res judicata* principles. Federal courts are directed to "give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 466, (1982) (construing 28 U.S.C. § 1738); *O'Shea v. Amoco Oil Co.*, 886 F.2d 584, 591 (3d Cir. 1989). Because this case implicates a prior federal court judgment rather than a state court judgment, New Jersey's entire controversy doctrine is inapplicable. At any rate, the distinction between the entire controversy rule and traditional *res judicata* would make no difference here.

9

Element **(1)** by necessary implication is satisfied as this action is brought solely to reverse a final judgment of "Third Circuit Court of Appeals and the Camden District Court" entered in the Malpractice Action **(1)**. (*Id.*). Thus, it is no surprise that this action substantially duplicates the Malpractice Action, but argues merely that it should come out the other way. Mr. Fink's theory of recovery here rests on reversal of the two orders of "the presiding judge at the underlying matter, the Honorable Noel L. Hillman, USDJ, [who] had deprived [him] of due process by failing to function as an impartial judge" when he granted summary judgment to defendants. (DE 23 at 3). The Third Circuit is alleged to have erred similarly. As against the moving defendants here, Kircher and Flaster Greenberg, this is no more than a repackaging of the underlying claims in the Malpractice Action. The "claim" of malpractice against the lawyer defendants is the same in both actions. The "claim" that Judge Hillman and the Circuit Judges should have decided the malpractice issues in Mr. Fink's favor (to the extent it is even directed at the lawyer defendants) is indistinguishable, and it was presented to the prior courts.

Regarding **(2)**, the list of defendants is the same: J. Philip Kirchner and Flaster Greenberg, P.C.

Element **(3)** is also satisfied. The underlying facts asserted in the Amended Complaint are the same and stem from defendants' representation of Mr. Fink from 2006 through 2008. (AC at 3–16). The Amended Complaint then goes on to extensively discuss the lengthy procedural history of the Malpractice Action, including discussing the Third Circuit's decision. (AC 16–51). Ultimately, it is true that the Amended Complaint contains a greater number of factual assertions than the Malpractice Action, but the sheer number of new factual assertions is irrelevant. For purposes of *res judicata*, this Court looks beyond the words used by the plaintiff to determine if the underlying issues in two related actions are the same:

> Rather than resting on the specific legal theory invoked, res judicata generally is thought to turn on the essential similarity of the underlying events giving rise to the various legal claims . . . Whatever the conceptual difficulties inherent in any definition of a

10

"cause of action," often the presence of a single cause of action is clear. For example, in the two actions involved in this case, as in Williamson:

> the acts complained of and the demand for recovery are the same. The only thing that is different is the theory of recovery. The same witnesses and documents will be necessary in the trial in both cases. No material fact is alleged in (the second action) that was not alleged in (the first).... Everything plaintiff was entitled to ask for from defendant was included in (the first action).

*Davis v. U.S. Steel Supply, Div. of U.S. Steel Corp.*, 688 F.2d 166, 171 (3d Cir. 1982).

In the Malpractice Action, both in the district court and on appeal, Mr. Fink alleged that he was the victim of fraud and malpractice on the part of his legal counsel, just as he does here. On appeal in the Malpractice Action, Mr. Fink continued to assert his malpractice theories while also challenging various alleged judicial errors in the district court's April and December 2016 orders.

In the Malpractice Action and here, Mr. Fink's legal and factual theories are the same notwithstanding the fact that Mr. Fink in this action attempts to evade the judgment entered in the Malpractice Action by redirecting his concerns, not at defendants, but at Judge Hillman:

> the inherent new central thesis of my complaint: Judge Hillman's April 5, 2016 and the December 20, 2016 Orders should be voided because he depriving me of due process by not function as an impartial judge when he rendered the underlying decisions for those two orders and he employed extrajudicial sources in rendering his December 20, 2016 decision.

(DE 23 at 12 (sic in original)).

The claims against the judicial defendants, however, have already been dismissed. Nothing about this new "central thesis" suggests that the claims against the lawyer defendants have not—rightly or wrongly—been finally decided. In substance, Mr. Fink continues to assert judicial error. As I admonished in my June 3, 2019 opinion dismissing all claims against the federal judges named in Mr. Fink's complaint, "[t]he avenue for correction of

11

such errors, if that is what they are, is through the appeals process. Suing the judges or their federal employer is not a means by which a disappointed appellant can obtain a second, third, or fourth level of review." (DE 14 at 6).

In any event, the only remedy for any error in the Malpractice Action proceeding lies in the federal appellate courts, that is to file an appeal to the United States Court of Appeals for the Third Circuit, once final judgment was entered. *See Olaniyi v. Alexa Cab Co.*, 239 F. App'x 698, 699 (3d Cir. 2007) (to challenge district court decision, plaintiff must either move for reconsideration or seek appellate review, but may not bring new action before a district court judge). Mr. Fink took advantage of all possible avenues to appeal and raised the very substance of his concerns here in his Third Circuit Appeal. *See* Fink Appellate Brief (Case No. 17-1170, Document No. 003112760488, p. 32–52 (raising numerous factual disputes, stating that the District Court did not view evidence favorably towards him, and stating that the District Court did not adhere to proper standards for Rule 56 motions)). The Third Circuit affirmed Judge Hillman's orders dismissing the Malpractice Action. I am bound by the Third Circuit's precedent. *See, e.g., Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 867 (1984).

Accordingly, defendants motion to dismiss is **granted**. Because amendment would be futile, this dismissal is with prejudice.[6]

### c. Motion to Bar Plaintiff from Filing Further Complaints

Defendants additionally move for an order barring plaintiff from filing any additional complaints against them without prior court approval.

In *Matter of Packer Ave. Assoc.*, 884 F.2d 745 (3d Cir. 1989) the Third Circuit recognized that the All Writs Act, 28 U.S.C. § 1651, gives this district court the power to issue an injunction to restrict the filing of meritless pleadings. However, the Third Circuit cautioned that it is an extreme remedy

---

[6] Defendants additionally moved to dismiss pursuant to Rule 12(b)(6) for failure to state a claim for fraud. Because I dismiss this case on *res judicata* grounds, I need not reach defendants' argument that the Amended Complaint fails to sufficiently assert a claim for fraud.

which must "be narrowly tailored and sparingly used." *Matter of Packer Ave.*, 884 F.2d at 747.

I am sympathetic to defendants' frustrations in that they are being called upon to litigate frivolous claims that were conclusively resolved in prior proceedings. Mr. Fink's contentions are frivolous in the extreme, and any further attempt to assert them may expose him to more drastic consequences than mere dismissal. I will not, however, issue an order barring Mr. Fink from filing future complaints against defendants, a procedure which poses administrative and other difficulties of its own. Experience teaches that litigation over whether a new complaint violates the precise terms of an injunction may merely add a layer of complication to what should be an ordinary motion-to-dismiss analysis, accompanied by (if appropriate) a motion for sanctions.

I therefore decline to issue an order enjoining Mr. Fink from filing further claims against these defendants.

### III.  Plaintiff's Cross-Motions

I have simultaneously considered Mr. Fink's cross-motions to (1) reopen and void two court orders from the Malpractice Action and (2) to stay defendants' motion to dismiss. For the reasons outlined below, the cross-motions (DE 25) are **denied**.

#### a. Cross-Motion to Reopen

Mr. Fink's cross-motion continues to assert the alleged deprivation of due process in connection with the prior decisions of Judge Hillman and the Third Circuit. (*See* DE 23 at 12–14). In this cross-motion, Mr. Fink moves to reopen the Malpractice Action and void two orders issued by Judge Hillman, pursuant to Rule 60(b)(4) and (6) and Rule (60)(d)(1) and (3). None of these provisions provide any relief to Mr. Fink.

Federal Rule of Civil Procedure Rule 60(b) authorizes the Court to issue relief from a final judgment, order, or proceeding. The Rule provides as follows:

13

On motion and just terms, the court may relieve a party or its legal representative from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable negligence;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justified relief.

"The general purpose of Rule 60(b) . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 271 (3d Cir. 2002) (citing *Boughner v. Sec'y of Health, Educ., & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978)). The movant under Rule 60(b) "bears a heavy burden." *Plisco v. Union R. Co.*, 379 F.2d 15, 17 (3d Cir. 1967), *cert. denied*, 389 U.S. 1014 (1967). Rule 60(b) relief is "extraordinary relief which should be granted only where extraordinary justifying circumstances are present." *Id.*; *see also Moolenaar v. Gov't of the Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).

**Rule 60(b)(4)** provides for relief from a final judgment where the judgment is void. A judgment is void, for instance, if the court lacked subject matter jurisdiction over the action when it entered the judgment. *Marshall v. Bd. of Educ.*, 575 F.2d 417, 422 (3d Cir. 1978) (citing *United States v. Walker*, 109 U.S. 258, 265–67 (1883)) (determining that a judgment may be void, and therefore subject to relief under 60(b)(4), if the court that rendered it lacked jurisdiction of the subject matter); *see also* 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2862 (2d ed. 2006) (noting that "[a] judgment is not void merely because it is erroneous. It is void only if the court that rendered it lacked

jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.").

There is no demonstration here that Judge Hillman's orders are void or were entered in the absence of jurisdiction. Mr. Fink simply disagrees with the result, which he says could not have been reached unless the district court was biased. Judge Hillman justified his rulings in reasoned decisions. The Third Circuit detected no flaw, and neither do I.

**Rule 60(b)(6)** permits a District Court to exercise its discretion to set aside a final judgement for "any other reason that justifies relief." However, the Third Circuit has stated that a party seeking relief under Rule 60(b)(6) "must demonstrate the existence of 'extraordinary circumstances' that justify reopening the judgment." *Budget Blings, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008). A party must show that "without relief from the judgment, an 'extreme' and 'unexpected' hardship will result." *Id.*

A Rule 60 motion is not to be used as a substitute for an appeal. Still less is it to be used to relitigate issues asserted and lost on appeal:

> "A request for relief pursuant to Rule 60(b) cannot be used as a substitute for an appeal." *Morris v. Horn*, 187 F.3d 333, 343 (3d Cir. 1999) (alteration omitted) (quoting *Rolo v. City Investing Co. Liquidating Tr.*, 155 F.3d 644, 653 (3d Cir. 1998)); *see also United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010) ("[A] motion under Rule 60(b)(4) is not a substitute for a timely appeal."). Indeed, regardless of how he characterized it, [plaintiff's] motion essentially sought relief from our [prior] opinion, which is something the District Court was without jurisdiction to grant. *See Seese v. Volkswagenwerk, A.G.*, 679 F.2d 336, 337 & n.1 (3d Cir. 1982) (per curiam); *see also Eutectic Corp. v. Metco, Inc.*, 597 F.2d 32, 34 (2d Cir. 1979) (noting where a Rule 60(b) motion was filed in the District Court to correct a "mistake" as to a Court of Appeals' judgment, the District Court was without jurisdiction to review, alter, or set aside the judgment). As the District Court correctly stated, [plaintiff's] proper route for relief from our [prior] opinion was to pursue a writ of certiorari with the United States Supreme Court. *See Reform Party of Allegheny Cty. v. Allegheny Cty. Dep't of Elections*, 174 F.3d 305, 312 (3d Cir. 1999) (en banc) (noting a Rule 60(b)(6) motion cannot be used to second-guess a decision or as a substitute for an

appeal; rather a petition for certiorari is proper*); see also Eutectic Corp.*, 597 F.2d at 34 ("The proper course for appellants to seek review of the court of appeals' alleged mistake was by writ of certiorari to the Supreme Court.").

*Davis v. Cty. of Allegheny*, No. 19-2703, 2019 WL 5152555, at *1 (3d Cir. Oct. 15, 2019).

Mr. Fink next points to Rule 60(d), which is a savings clause. Pursuant to **Rule 60(d)(1)**, an independent action is available to relieve a party from a judgment, but "only to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47, 118 S. Ct. 1862 (1998). Under **Rule 60(d)(3)**, a court may set aside a judgment for fraud on the court. Fraud on the court must be intentional, directed at the court, and committed by an officer of the court. *In re Bressman*, 874 F.3d 142, 150 (3d Cir. 2017). A finding of fraud on the court requires "egregious conduct" and must be supported by "clear, unequivocal, and convincing evidence." *Id.* The fraud must deceive the court. *Id.*

There has been no miscarriage of justice or egregious conduct in connection with Judge Hillman's award of summary judgment to the defendants. The record discloses that Mr. Fink has been provided every opportunity to fairly present his case at the district court level and the appellate level. That he dislikes the outcome and believes it is the result of judicial favoritism — a sentiment not borne out by the record — is not grounds for finding of "fraud on the court," whether by the court itself or by these defendants. Mr. Fink presented or had the opportunity to present these very arguments in his appeal to the Third Circuit, which affirmed judgment against Mr. Fink. This Court is without discretion to correct the Third Circuit's judgment. *Seese* 679 F.2d at 337 & n.1.

Accordingly, Mr. Fink's cross-motion to reopen is **denied**.

### b. Cross-Motion to Stay

Mr. Fink filed a one page informal cross-motion to stay this Court from deciding defendants' motion to dismiss until after I considered his motion to reopen. (DE 25-4). Resolution of defendants' motion to dismiss, *see* Section II.b, is intertwined with resolving Mr. Fink's cross-motion to reopen. *See also*, Section III.a, *infra*. The motion to stay is denied as moot, because I did not decide the motion to dismiss in advance of the motion to reopen, but have decided the two together.

Accordingly, Mr. Fink's motion to stay the resolution of defendants' motion to dismiss (DE 25-4) is **denied**.

### IV. Conclusion

Accordingly, for the reasons stated above, defendants' motion to dismiss (DE 18) is **granted**. Plaintiff's Amended Complaint is dismissed with prejudice. Defendants' motion for an order enjoining Mr. Fink from filing any additional complaints without prior judicial approval is **denied**.

Plaintiff's cross-motions (DE 25) are **denied**.

An appropriate order follows.

Dated: January 8, 2020

**KEVIN MCNULTY**
**United States District Judge**