UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOHN W. FINK,** | |
| Plaintiff, | Civ. No. 19-9374-KM-MAH |
| v. | **MEMORANDUM OPINION** |
| **J. PHILIP KIRCHNER and FLASTER GREENBERG, P.C.,** | |
| Defendants. | |

Before the Court are three motions: plaintiff's motion for my recusal (DE 62); plaintiff's amended motion to declare void prior orders entered by me in this case, and by District Judge Hillman in a predecessor action for legal malpractice (DE 57); and defendants' motion for a filing injunction (DE 64). For the reasons stated herein, all three are denied.

**A. Background**

John W. Fink brought an action for malpractice against the defendant attorneys, J. Philip Kirchner and Flaster Greenberg, P.C. It was heard in this District Court, Camden vicinage, by Judge Noel L. Hillman. Summary judgment was entered against Mr. Fink. Mr. Fink's motion for reconsideration was denied. He appealed, and judgment was affirmed by the U.S. Court of Appeals for the Third Circuit. 731 Fed. App'x 157 (3d Cir. 2018). His petitions for rehearing were denied.

Mr. Fink then brought this separate action, seeking to void the earlier judgment. Only the lawyer and law firm from the malpractice action were named in the caption; one of the counts, however, was directed against Judge Hillman and the Third Circuit judges, whom he accused of committing "judicial fraud" in the course of ruling against him. For that reason, the case was transferred to the Newark vicinage and assigned to me. *See* D.N.J. Loc. Civ. R. 41(g).

1

On June 3, 2019, I filed an opinion under Local Rule 41 dismissing the claims as against Judge Hillman and the Third Circuit judges, as well as amended claims against the United States, on grounds of sovereign and judicial immunity. (DE 14) The remaining defendants are the lawyer and law firm from the malpractice action, Mr. Kirchner and Flaster Greenberg, P.C. (referred to from now on as the "defendants").

On June 7, 2019, the defendants moved to dismiss Mr. Fink's Amended Complaint pursuant to Rule 12(b)(6) and moved for an order prohibiting plaintiff from filing any additional complaints against them without prior judicial approval. (DE 18). Mr. Fink, having been granted an enlargement of page limits, cross-moved to void the adverse summary judgment orders in the malpractice action, and also sought to have his cross-motion decided in advance of the motion to dismiss. (DE 25)

On January 8, 2020, I filed an opinion (DE 40) and order (DE 41) (the "Jan. 8 Opinion" and "Jan. 8 Order"), granting the motion to dismiss the amended complaint with prejudice, but denying the filing injunction. The grounds were essentially *res judicata* and failure to make the required showing for reopening a judgment under Fed. R. Civ. P. 60. Because the Complaint failed to state a cause of action, I denied both of the cross-motions. Familiarity with that Opinion, which more thoroughly reviews the procedural history, is assumed.

Plaintiff then filed a motion for reconsideration of my January 8 Order (DE 42)

He also filed a motion (DE 46) to declare my Jan. 8 Order void, and to declare void the two adverse summary judgment orders in the malpractice action: "MOTION TO DECLARE VOID THE COURT ORDER DATED JANUARY 8, 2020 (DE 41) AS TO THE PORTION THAT DECIDED THE MOTION TO DECLARE VOID TWO COURT ORDERS DATED APRIL 5, 2016 (DE 217) AND DECEMBER 20, 2016 (DE 302) IN CAMDEN NEW JERSEY FEDERAL CASE 1:12-CV-04125 (NLH)(KMW) AND TO EITHER REOPEN THAT CASE OR TAKE WHATEVER OTHER APPROPRIATE EQUIVALENT ACTION." (DE 46)

I discussed the latter motion first, and separately, in a February 7, 2020 memorandum and order (DE 47). In effect, I folded it into the pending motion for reconsideration:

> [Mr. Fink's] brief is a virtual duplicate of papers previously filed and arguments previously made in this action (*See, e.g.*, DE 23, 25). It raises contentions already decided by this Court. This Court's prior decision is already the subject of one pending motion for reconsideration. And of course this action is itself an attempt to relitigate a thoroughly litigated prior claim.
>
> The proper response to an adverse decision is not to simply file the same motion again and again. It is to file a motion for reconsideration, if appropriate (which has been done), and, if still dissatisfied, to appeal from a final decision of the Court. *See* generally 28 U.S.C. § 1291.
>
> I will not require a response to this new motion to void at the current time. I will, to the extent appropriate, consider its contentions in connection with the pending motion for reconsideration (DE 42).

(DE 47 at 2)

By Opinion and Order dated June 16, 2020 (DE 52), I denied the motion for reconsideration and the motion to void my January 8 Order and the prior adverse orders of Judge Hillman in the malpractice action. Essentially, I held that these motions raised no grounds that were not or could not have been raised in prior proceedings, both before Judge Hillman and before me:

> Mr. Fink's motion to reconsider and motion to declare void make virtually identical arguments to those made in Plaintiff's earlier opposition to the motion to dismiss (DE 23) and cross-motion to void (DE 25).
>
> In the motion for reconsideration (DE 42), Plaintiff again dwells on 20 purported summary judgment rule violations and five other errors Judge Hillman made which, says Plaintiff, this Court and its predecessors overlooked. To be clear, this Court considered these violations as well as Plaintiff's remaining arguments in its motion for reconsideration when granting Defendant's motion to dismiss and denying Plaintiff's cross-motion to void. As this Court's decision made plain, Plaintiff had every opportunity to confront these alleged judicial errors in the prior Malpractice Action. Indeed, Plaintiff took advantage of that opportunity, raising

3

>    the very substance of these violations, in addition to other theories, in his appeal to the U.S. Court of Appeals for the Third Circuit. *See* Fink Appellate Brief (Case No. 17-1170, Document No. 003112760488, p. 32– 52 (raising numerous factual disputes, stating that the District Court did not view evidence favorably towards him, and stating that the District Court did not adhere to proper standards for Rule 56 motions)). A Third Circuit appeal was the proper avenue to raise these alleged "20 violations" and any other perceived errors in the prior proceeding. *See Olaniyi v. Alexa Cab Co.*, 239 F. App'x 698, 699 (3d Cir. 2007) (to challenge district court decision, plaintiff must either move for reconsideration or seek appellate review, but may not bring new action before a district court judge).
>
>    Mr. Fink insists that he now has new claims of error that he did not raise before. A party who fails to raise arguments in his initial appeal, however, is held to have waived his right to raise those arguments on remand or on a second appeal. *See Robinson v. Johnson*, 313 F.3d 128 (3d Cir. 2002). The Third Circuit gave full and fair consideration to Mr. Fink's appeal and affirmed Judge Hillman's orders. I am bound to reject Mr. Fink's efforts to relitigate the Malpractice Action. *See, e.g., Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 867 (1984).
>
>    As to the motion to void (DE 46), there is again nothing new. It substantially reiterates all of the arguments previously presented in the prior cross-motion. (*See* DE 25) Hence, there is no need to rehash the reasoning of my prior Opinion.
>
>    Accordingly, for the reasons stated herein, the motion for reconsideration (DE 42) is **denied**. The motion to declare void (DE 46) is also **denied**.

(DE 52)

Predictably, on July 14, 2020, Mr. Fink moved to declare *that* order void: "AMENDED NOTICE OF PLAINTIFF'S AMENDED MOTION TO DECLARE VOID/VACATE THE NEWARK COURT ORDERS DATED JANUARY 8, 2020 (DE 41) AND JUNE 16, 2020 (DE 52); AND/OR TO DECLARE VOID TWO CAMDEN COURT ORDERS DATED APRIL 5, 2016 (DE 217) AND DECEMBER 20, 2016 (DE 302); AND/OR TO TAKE WHATEVER OTHER APPROPRIATE EQUIVALENT ACTION IS NECESSARY TO REOPEN THE UNDERLYING FEDERAL CASE."

4

(DE 57) This motion, he states, is based on one he filed in the U.S. District Court for the Southern District of New York.[1]

Plaintiff has also filed a motion for me to recuse myself from the case. (DE 62) Defendants have cross-moved for an injunction barring Mr. Fink from filing further actions against them without judicial approval (DE 64), to which Mr. Fink has filed a response (DE 65).

### B. Recusal Motion

As this action has already been dismissed with prejudice, the motion for recusal comes rather late, but I nevertheless discuss it.

---

[1] On July 2, 2020, Mr. Fink filed a "notice of motion" in the U.S. District Court for the Southern District of New York. Not surprisingly, the relief sought and arguments asserted are identical to those sought and asserted here: "NOTICE OF PLAINTIFF'S MOTION TO DECLARE VOID THE NEWARK COURT ORDERS DATED JANUARY 8, 2020 (DE 41) AND JUNE 16, 2008 (DE 52) AS TO THE PORTION THAT DENIED MY MOTION TO DECLARE VOID TWO CAMDEN COURT ORDERS DATED APRIL 5, 2016 (DE 217) AND DECEMBER 20, 2016 (DE 302); AND/OR TO DECLARE VOID THE TWO CAMDEN COURT ORDERS (DE 217, 302); AND/OR TO TAKE WHATEVER OTHER APPROPRIATE EQUIVALENT ACTION IS NECESSARY TO REOPEN THE UNDERLYING FEDERAL CASE."

Mr. Fink insists that what he filed in the S.D.N.Y. was not a separate action but a motion. *See* Letter of John W. Fink (20cv8938 DE 7). There was, however, no action pending in the S.D.N.Y. in which any "motion" could be filed. The clerk nevertheless accommodated this *pro se* litigant by giving it a Civil number, 20cv5128, and filing it as if it were a complaint. Although Mr. Fink objects that the Judge or clerk in the Southern District of New York did not "consult" with him before doing so, he has not been deprived of anything, procedural or substantive, to which he was entitled.

The Chief Judge of the S.D.N.Y. transferred the case back to this District, where the clerk assigned it Civil No. 20-8938. Because that transferred action is entirely duplicative of this action, I ordered it to be administratively terminated.

Therein, however, lies a ghost of an explanation for the presence of the "Amended Motion." (DE 57) Mr. Fink believes that this amended motion is, or is equivalent to, the motion he filed in the Southern District of New York. But that wholly invalid attempt to institute collateral proceedings in another district does not press the "reset" button or give rise to any additional procedural entitlement in this action; nor does it affect the Court's prior dismissal of the action with prejudice. I will remove doubt, however, by discussing and deciding DE 57 separately here. As stated herein, it adds nothing substantive to what has already been decided, and will therefore be denied. *See* Section C., *infra*.

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455 (a). Further, "[the judge] shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455 (b); *see also Liteky v. United States*, 510 U.S. 540 (1994). Impartiality is evaluated from the point of view of a hypothetical reasonable member of the public. *See In re Kensington Int'l Ltd.*, 368 F.3d 289, 303 (3d Cir. 2004) ("objective, reasonable lay person").

While it is possible for an inappropriate predisposition to arise from the case itself, "alleged bias stemming from facts gleaned from the judicial proceeding will rarely be grounds for recusal." *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000); *Liteky*, 510 U.S. at 555 (noting that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.").

Plaintiff believes that I must recuse myself because his current "motion involves a number of previous Newark court decisions or non-decisions." (DE 62-1 at 1) He also objects to what he believes was the denial of an opportunity to amend one of his duplicative motions for reconsideration (and later to extend page limits). He believes I should have amplified further on my grounds for decision as to each of his 25 claims of error in the malpractice action. In addition, he objects that his filing in the Southern District of New York (which he intended as a motion, despite there being no proceeding pending there) was filed as a complaint without his permission and transferred back to this district.

In short, Mr. Fink suggests that the rulings of three courts are so obviously incorrect that they can only be explained by bias. Those rulings, however, are contained in reasoned decisions, and those of Judge Hillman have

already been affirmed on appeal. Opinions formed on the basis of the factual record do not constitute bias or partiality warranting recusal absent a showing of "deep-seated favoritism or antagonism," which has not been approached, let alone established, here. *See Liteky*, 510 U.S. at 555. Nor is a Court disqualified from ruling because it has made prior rulings in the same case or a related case, even if a party continues to dispute those rulings.

The motion to recuse is denied.

### C. Amended Motion to Declare Void Certain Orders of this Court and Judge Hillman (DE 57)

Mr. Fink again seeks to "void" Judge Hillman's grant of summary judgment in the malpractice action. He also seeks to "void" my own orders insofar as they denied him that relief. He states that decisions adverse to him are the product of judicial "fraud" and that he has been denied an adequate opportunity to present his position.

Judge Hillman, he argues, showed "favoritism" when he decided the summary judgment motion in defendants' favor. The grounds for Judge Hillman's decision, however, appear on the record and have been affirmed on appeal. The U.S. Court of Appeals for the Third Circuit, Mr. Fink continues, was "poisoned" by Judge Hillman's erroneous decisions. But there is nothing improper about the Court of Appeals' exposure to allegedly erroneous district court decisions; correction of erroneous decisions is the very substance of their judicial function. What Mr. Fink objects to is that the Court of Appeals did not agree with him that Judge Hillman had erred.

In insisting that this Court owes him a do-over of the Camden summary judgment motions and detailed findings on each of his 25 claims of error, Mr. Fink misses something essential. The basis for my rulings denying relief to Mr. Fink did not primarily have to do with his grounds, old or new, for claiming that he should have prevailed in the prior action before Judge Hillman. At bottom, my rulings were based on *res judicata* and the finality of judgments that have been rendered and affirmed on appeal. This Court is not empowered

7

to review the merits of a decision of a district court of coordinate jurisdiction; *a fortiori,* I am powerless to overturn a decision of the Court of Appeals.

In an abundance of caution, I have reviewed the merits of this serial motion for reconsideration (DE 57). Nothing new, beyond continued disagreement, is stated. I have stated the standards for reconsideration in prior opinions, and I incorporate them here.[2] A motion for reconsideration is not properly used to press the same arguments in the hope that they will succeed this time, or the next, or the next. I deny this motion on the same grounds stated in multiple prior decisions. Mr. Fink has had ample opportunity to place his contentions before multiple courts. He disagrees with Judge Hillman's decision on summary judgment. He states that my own opinions are erroneous or inadequately reasoned. His remedy, however, is not to daisy-chain actions and motions, each seeking the same relief, and each cumulatively seeking to "void" the lengthening chain of preceding denials. In short, this case is over.

The amended motion (DE 57) is denied.[3]

### D. Defendants' Motion For A Filing Injunction

Defendants have renewed their motion for an injunction against Mr. Fink's filing any further complaints against them without prior judicial approval. (DE 64) Remarkably, Mr. Fink opposes this motion on the basis of its

---

[2]     In brief, reconsideration is not designed merely to afford a party a second, third, or fourth opportunity to assert arguments that were or could have been asserted before. *See generally* D.N.J. Loc. Civ. R. 7.1(i). Reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). Generally, reconsideration is granted in three scenarios: (1) when there has been an intervening change in the law; (2) when new evidence has become available; or (3) when necessary to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Carmichael v. Everson*, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004).

[3]     Because the plaintiff is *pro se,* I caution him that serial motions for reconsideration generally do not suspend the running of the time to appeal. *See Palladino v. Governor of Pennsylvania*, 589 F. App'x 61, 64 (3d Cir. 2014) (citing *Turner v. Evers*, 726 F.2d 112, 114 (3d Cir. 1984)) (noting that "a second motion for reconsideration is not one of the motions listed in Rule 4(a)(4) of the Federal Civil Rules of Procedure that tolls the time to appeal from the initial judgment.").

being duplicative of defendants' earlier motion for the same relief. (DE 65) Turnabout may or may not be fair play in this instance, but I am nevertheless disinclined to grant the motion, for the reasons stated in my earlier opinion granting the motion to dismiss:

> In *Matter of Packer Ave. Assoc.*, 884 F.2d 745 (3d Cir. 1989) the Third Circuit recognized that the All Writs Act, 28 U.S.C. § 1651, gives this district court the power to issue an injunction to restrict the filing of meritless pleadings. However, the Third Circuit cautioned that it is an extreme remedy which must "be narrowly tailored and sparingly used." *Matter of Packer Ave.*, 884 F.2d at 747.
>
> I am sympathetic to defendants' frustrations in that they are being called upon to litigate frivolous claims that were conclusively resolved in prior proceedings. Mr. Fink's contentions are frivolous in the extreme, and any further attempt to assert them may expose him to more drastic consequences than mere dismissal. I will not, however, issue an order barring Mr. Fink from filing future complaints against defendants, a procedure which poses administrative and other difficulties of its own. Experience teaches that litigation over whether a new complaint violates the precise terms of an injunction may merely add a layer of complication to what should be an ordinary motion-to-dismiss analysis, accompanied by (if appropriate) a motion for sanctions.

(DE 40 at 13)

Except in truly extreme circumstances, this may be a problem better addressed by sanctions, rather than prospective injunctive relief. I have been patient with a *pro se,* if experienced, litigant, but there must be an end to litigation, and there comes a point when patience ceases to be a virtue. To be clear, no further duplicative actions or serial motions for reconsideration will be entertained by this Court.

## CONCLUSION

For the reasons stated above, the motion for recusal (DE 62) is DENIED, the amended motion to declare void certain orders of this Court and District Judge Hillman (DE 57) is DENIED, and the defendants' renewed motion for a

filing injunction (DE 64) is DENIED. An appropriate order accompanies this Opinion.

Dated:  November 23, 2020

/s/ Kevin McNulty

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
**KEVIN MCNULTY**
**United States District Judge**